IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CONSOLIDATED ACTION |
| ) | LEAD ACTION: 3:06-00323 |
| AMERICAN SERVICE GROUP, INC., et al., ) | RELATED ACTIONS: 3:06-337 |
| ) | 3:06-341 and 3:06-443 |
| ) | |

## MEMORANDUM

Plaintiffs in this consolidated action assert claims on behalf of themselves and all other person similarly situated under the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and 78t(a) and Rule 10b-5, 17 C.F.R. § 240.10b-5 against the Defendants: American Service Group, Inc. ("ASG"), Michael Catulano, ASG's president and Michael W. Taylor, ASG's chief financial officer. Plaintiffs' claims are for the Defendants' alleged materially false and misleading statements in various corporate documents that resulted in artificially high market prices for ASG's securities. Plaintiffs allege that based upon their positions at ASG, the individual Defendants were aware of and participated in these alleged violations of the Securities Exchange Act.

Before the Court are three (3) motions: (1) the Peoria Police Pension Fund ("Peoria Fund")'s motion for appointment as lead Plaintiff and approval of its selection of class counsel (Docket Entry No. 22);[1] (2) Plaintiffs Gerken's and Mosley's motion for appointment as lead Plaintiff and approval of their selection of class counsel, (Docket Entry No. 25); and (3) MARTA/ATU Local 732 Employees Retirement Plan ("MARTA")'s motion for appointment as lead Plaintiff and approval of its selection of class counsel (Docket Entry No. 28).

---

[1] This same motion is filed in Case No. 3:06-337, Docket Entry No. 30; 3:06-0341, Docket Entry No. 26; and 3:06-0443, Docket Entry No. 24. This Order in this lead action resolves the latter motions as well.

In support of their respective motions, each party cites its losses caused by the Defendants' alleged acts and the experience of their selected counsel. The Peoria Fund, an institutional investor purchased 14,975 of ASG shares at $24.86, expended in excess of $372,330 for these shares, and alleges a loss of $176,587.00. Plaintiffs Gerken and Mosley, private investors, allege a $6,389 loss. MARTA, an institutional investor, expended in excess of $488,000 in its purchase of ASG stock and asserts a loss of $211,151.00.

This action arises under the Private Securities Litigation Reform Act of 1995 (PSLRA), Pub. L. No. 104-67, that amended the Securities Act of 1933, 15 U.S.C. § 77a-77bbb, and the Securities Exchange Act of 1934, 15 U.S.C. § 78a-78lll. 15 U.S.C. § 77z-1(a)(1). Among the PSLRA's threshold requirements is notice to potential class members upon the filing of the first class action. 15 U.S.C. § 78u-4. Under these provisions, the named Plaintiffs in the first filed action must publish notice within twenty (20) days of filing the action to inform potential class members of their right to move to be appointed lead Plaintiffs. 15 U.S.C.A. § 78u-4(a)(3)(A)(i). The published notice should instruct potential class members "that, *no later than 60 days after the date on which the notice is published,* any member of the purported class may move the court to serve as led plaintiff of the purported class." 15 U.S.C.A. § 78u-(a)(3)(A)(i)(II) (emphasis added). Such notice must be published "in a widely circulated national business-oriented publication or wire service." 15 U.S.C.A. § 78u-4(a)(3)(A)(i). "If more that one action on behalf of a class asserting substantially the same claim or claims arising under the chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i)." 15 U.S.C.A. § 78u-(a)(3)(A)(ii) (emphasis added). Here, it is undisputed that the Plaintiffs in the lead action provided the requisite notice by publications in national news media.

2

Once adequate notice is given, PSLRA describes a two-step process: consolidation of the various actions and appointment of the lead plaintiff.

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter . . . has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, <u>the court shall not make the [lead-plaintiff] determination . . . until after the decision on the motion to consolidate is rendered</u>.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The consolidation issue has been resolved. See Docket Entry No. 45.

Under PLSRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In addition, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v).

Under the PSLRA, with the filings of the complaints and motions, the Court must presume that the lead plaintiff with the "largest financial interest in the litigation" and whose claims are typical of other putative class members, is the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The lead plaintiff must also be capable of "fairly and adequately" protect[ing] the interest of the class. Fed. R. Civ. P. 23(a)(3)-(4); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). A statutory presumption arises that the plaintiff with the "largest financial interest" also satisfies the typicality element. <u>In re Cardinal Health, Inc., Securities Litigation</u>, 226 F.R.D. 298, 301 (S.D. Ohio 2005). This presumption can be rebutted "only upon proof . . . that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interest of the class; or is subject to unique defenses that render such plaintiff incapable of adequately

3

representing the class. In re Cendant Corp., 182 F.R.D. 144, 149 (D.N.J. 1998). (quoting 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II)(aa), (bb)). There is not any showing here to rebut this statutory presumption. Thus, the controlling issue is which movant has the "largest financial interest".

The PLSRA "provides no definitive method for determining the 'largest financial interest'". In re Cardinal Health, 226 F.R.D. at 302. "[T]he method used and the factors considered in determining each movant's financial interest remain fully within the discretion of the district court." Pirelli Armstrong Tire Corp. Retiree Med Benefits Trust v. LaBranche & Co., 229 F.R.D. 395, 406-407 (S.D.N.Y. 2004).

The Peoria Fund contends that the " largest financial interest" determination for the lead Plaintiff should focus on the percentage of each Plaintiff's loss from the decline in the prices of ASG's common share during the class period. Under this analysis, the Peoria Fund argues that it has the largest financial interest because the average price per share of ASG common stock purchased by Peoria Police was higher than the average price per share of ASG stock purchased by MARTA. Peoria Police Fund also argues that its stake in this litigation is also significantly greater, if the Court compares the size of each movant's losses to the total value of each movant's assets. MARTA's loss is $211,151 loss, but the assets of its retirement plain are $433.9 million dollars. In the Peoria Fund's view, its alleged loss of $176,587, when compared to its assets of $123.6 million dollars, reflects a greater financial interest. The Peoria Fund, however, does not suggest this analysis to be appropriate in comparing the losses of an institutional investor to an individual investor.

First, the PSLRA's legislative history reflects Congressional intent to favor institutional investors, that have the greater financial resources and experience to satisfy their fiduciary duties to the class members. *See e.g., In re Critical Path, Ins. See Litig.,* 156 F.Supp.2d 1102, 1109 (N.D.

4

Cal. 2001) (emphasizing "the PSLRA's goal of increasing the appointment of institutional investors and lead plaintiffs"). Thus, the choice here is between MARTA and the Peoria Fund.

In determining which movant has the largest financial interest, however, most courts conduct a four-factor analysis consisting of: "(1) the number of shares that the movant purchased during the putative class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended by the plaintiff during the class period; and (4) the approximate losses suffered by the plaintiffs." Manual for Complex Litigation (Fourth) § 13.31 (2004); In re Cardinal Health, 226 F.R.D. at 303. Applying these factors as pertinent to the facts presented on these motions, considering the number of ASG stock purchased, the amounts expended for those stock purchases, and the alleged losses, MARTA has the "largest financial interest".

As to the Peoria Fund's various arguments, it must be remembered that "[t]he manifest intent of the (PSLRA) is determining the Plaintiff most capable of pursuing the action and representing the interests of the class." H. Conf. Rep. No. 104-369, at 34. This standard has been described as "let the money do the monitoring." Elliott J. Weiss & John S. Beckman, *Let the Money do the Monitoring: How Institutional Investors Can Reduce Agency Costs in Securities Class Action*, 104 Yale L.J. 2053 (1995). See S. Rep. 104-98, 1995 U.S.C.C.A.N. 679, 729 n.32 (stating that "[t]his article provided the basis for the 'most adequate plaintiff provision' in the PSLRA). MARTA meets this standard with regard to the amount of its loss. Moreover, MARTA's assets reflect its financial ability to commit the resources to pursue the interests of the putative class in this litigation.

To be sure, the plaintiff with the larger numeric loss is not automatically the plaintiff with the "largest financial interest". See In re Moral Fin. Corp. Sec. Litig., 414 F.Supp.2d 398, 403

5

(S.D.N.Y. 2006) ( movant with $2.3 million in alleged losses and another movant with $1.9 million in alleged losses deemed to have functionally equal damages given the "probable margins of error involved in the various damage estimates."); In re Pfizer, Inc. Sec. Litig., 233 F.R.D. 334, 338 (S.D.N.Y. 2005) ( a movant with $22.5 million in alleged losses and another $22.8 million in alleged losses have roughly equal damages ". . . [g]iven he probable margin of error involved in the damage estimates. . .").

Moreover, some courts measure the "largest financial interest" by a plaintiff's losses as a percentage of its assets or holdings. See, Burke v. Ruttenberg, 102 F.Supp.2d 1280, 1297, 1342 (N.D. Ala. 2000) and Laborers Local 1298 Pension Fund v. Campbell Soup Co., No. 00-152 (JEI),2000 U.S. Dist. LEXIS 5481 at *5-6 (D.N.J. April 24, 2000). Other courts utilize accounting standards to determine this issue. Johnson v. Dana Corp., 236 F.R.D. 349, 351-52 (N.D. Ohio 2006) and authorities cited therein. None of the Plaintiffs argues for this latter method.

Here, given MARTA's losses, its assets and the limited number of Plaintiffs seeking lead plaintiff status, the Court does not ascertain any practical need for an alternate method for determining the largest financial interest nor for the appointment of co-lead plaintiffs. If, later in this litigation, good cause is shown to revisit this issue, any plaintiff may move the Court for reconsideration of its appointment of the lead plaintiff.

The next issue is the Court's approval of the lead Plaintiff's choice of counsel who will be lead counsel for the litigation. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "[T]he role of class counsel is akin to that of a fiduciary to the absent class members." Greenfield v. Villager Indus., Inc., 483 F.2d 824, 832 (3d Cir. 1973). "[C]lass action counsel possess, in a very real sense, fiduciary

obligations to those not before this court." Id. Here, MARTA's counsel is well qualified and experienced to represent the class in this action and the Court approves MARTA's choice of counsel.

Accordingly, the Peoria Police Pension Fund ("Peoria Fund")'s motion for appointment of lead Plaintiff and approval of its selection of class counsel (Docket Entry No. 22) should be denied; Plaintiffs' Gerken's and Mosley's motion for appointment of lead Plaintiff and approval of their selection of class counsel, (Docket Entry No. 25) should be denied; and (3) MARTA/ATU Local 732 Employees Retirement Plan ("MARTA")'s motion for appointment of lead Plaintiff and approval of its selection of class counsel (Docket Entry No. 28) should be granted.

An appropriate Order is filed herewith.

Entered this the 26th day of August, 2006.

William J. Haynes, Jr.
United States District Judge

7